IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAHLIL SHELTON, | : Civil No. 3:22-cv-1733 |
| Petitioner | : (Judge Mariani) |
| v. | : |
| WARDEN SAGE, | : |
| Respondent | : |

**MEMORANDUM**

Petitioner Kahlil Shelton ("Shelton"), a federal inmate confined at the Federal Correctional Institution, Schuylkill, in Minersville, Pennsylvania, commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal sentence computation. (Doc. 1). The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.    Background**

On August 7, 2017, Shelton was arrested by Pennsylvania authorities in relation to Docket Number MJ-50304-CR-343-201. (Doc. 9-2, p. 3, Colston Decl. ¶ 6). On September 29, 2017, the charges were withdrawn in lieu of federal prosecution and Shelton was transferred to the Pennsylvania Department of Corrections for parole violations. (*Id.*). On October 5, 2017, Shelton was recommitted to a 3-year, 6-month to 7-year parole violation term in Pennsylvania cases CP-120015499 and CP-120015251. (*Id.* ¶ 7).

On November 15, 2017, Shelton was taken into temporary custody by the United States Marshals ("USMS") via a writ of habeas corpus ad prosequendum. (*Id.* ¶ 8). On October 1, 2018, Shelton was sentenced in the United States District Court for the Western District of Pennsylvania to a 192-month term of imprisonment in Case No. 2:17-CR-260-01, for carrying a firearm during and in relation to drug trafficking in violation of 18 U.S.C. § 924(c). (*Id.* ¶ 9). On October 10, 2018, Shelton was returned to state custody with a federal detainer. (*Id.* ¶ 10). On April 16, 2019, the United States Court of Appeals for the Third Circuit vacated Shelton's judgment and sentence in Case No. 2:17-CR-160-01. (*Id.* ¶ 11). On September 11, 2019, Shelton was again taken into temporary custody by the USMS via writ of habeas corpus ad prosequendum. (*Id.* ¶ 12). On August 10, 2020, the Western District of Pennsylvania resentenced Shelton to a 72-month term of imprisonment in Case No. 2:17-CR-260-01. (*Id.* ¶ 13). His projected release date is September 18, 2024, based on earned and anticipated good conduct time. (*Id.*, p. 2 ¶ 3).

Shelton was returned to the state on September 2, 2020. (*Id.*, p. 3 ¶ 14). Pennsylvania authorities granted Shelton jail credit for time spent in custody from October 2, 2017, to November 17, 2017, and October 6, 2020, to August 21, 2022. (*Id.* ¶ 15).

On August 22, 2022, Shelton was released from the Pennsylvania Department of Corrections to the custody of the USMS. (*Id.*, p. 4 ¶ 16). The BOP prepared a sentence computation commencing on August 22, 2022, the date Shelton was released to primary federal custody. (*Id.* ¶ 17). The BOP awarded Shelton jail credit for time spent in custody

2

from August 7, 2017, to October 1, 2017, and November 18, 2017, to October 5, 2020, as that time was not credited toward any other sentence. (*Id.*).

On October 4, 2022, Shelton filed Administrative Remedy Number 1136086-F1 at the institution level requesting jail time credit. (*Id.*, p. 2 ¶ 4; Doc. 9-2, p. 11, Administrative Remedy Generalized Retrieval). On October 12, 2022, the remedy was closed with an explanatory response. (*Id.*). On October 17, 2022, Shelton appealed to the Regional Office, filed as Administrative Remedy Number 1136086-R1. (*Id.*). The Regional Office's deadline to respond to the appeal was December 16, 2022. (*Id.*). Shelton filed his habeas petition on or about October 25, 2022, before the Regional Office's deadline to respond.

## II.    Discussion

A habeas petition under § 2241 is the proper vehicle for an inmate to challenge "the fact or length of confinement", *Presser v. Rodriguez*, 411 U.S. 475, 494 (1973), or the "execution" of his confinement, *Woodall v. Fed. BOP*, 432 F.3d 235, 241-42 (3d Cir. 2005). A federal habeas court may only extend a writ of habeas corpus to a federal inmate if he demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

### A.    Exhaustion of Administrative Review

Respondent first seeks to dismiss the instant petition based on Shelton's failure to exhaust administrative remedies prior to seeking review in federal court. (Doc. 9).

3

Although there is no explicit statutory exhaustion requirement for § 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. *See Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986)); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." *Moscato*, 98 F.3d at 761-62 (citations omitted). The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. *See generally* 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. *See id.* §§ 542.13-.15. No administrative remedy appeal is considered fully exhausted until reviewed by the General Counsel. *Id.* § 542.15(a).

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. *See Moscato*, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. *See Vasquez v. Strada*, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile.

*Rose v. Lundy*, 455 U.S. 509, 516 n.7 (1982); *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); *Carling v. Peters*, No. 00-2958, 2000 WL 1022959, at *2 (E.D. Pa. July 10, 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In the ordinary course of business, computerized indexes of all formal administrative remedies filed by inmates are maintained by the Institution, Regional, and Central Offices. Shelton's Administrative Remedy Generalized Retrieval report reveals that he filed two administrative remedies regarding jail time credits. (Doc. 9-2, p. 11, Administrative Remedy Generalized Retrieval). However, the report also reveals that Shelton failed to fully complete the administrative remedy process prior to commencing this action in federal court. (*Id.*). Shelton does not dispute that he filed his habeas petition without fully exhausting the BOP's administrative remedy procedure. (Doc. 1, pp. 3-4; Doc. 10). Rather, he argues that "[a]fter the warden denied Shelton's BP-9 for time credit, Shelton is permitted to file a 2241 motion straight to the courts, because it would be futile for Shelton to file a BP-11." (Doc. 10, p. 1). He surmises that "[e]very BP appeal after the BP-9 will be denied." (*Id.*). However, a single rejection of an initial grievance does not render the administrative review process unavailable or futile. Shelton fails to identify BOP actions that would clearly and unambiguously violate statutory or constitutional rights, and he has not set forth any

5

facts or advanced an argument that would permit this Court to find that exhaustion of his administrative remedies would subject him to irreparable injury. Consequently, the petition will be dismissed for failure to exhaust administrative remedies. To hold otherwise would frustrate the purposes of the exhaustion doctrine by allowing Shelton to invoke the judicial process despite failing to complete administrative review. Erring on the side of caution, the Court will alternatively address the merits of Shelton's habeas petition.

### B.  Merits of the Habeas Petition

Shelton alleges he should receive prior custody credit from October 5, 2020, to August 22, 2022. Section 3585 of Title 18, which governs prior custody credit, provides:

> (a)  Commencement of sentence. —A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b)  Credit for prior custody. —A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. Thus, under § 3585(b), prior custody credit cannot be granted if the prisoner has received credit toward another sentence. The United States Supreme Court

has made clear that a defendant cannot receive a "double credit" for his detention time. *United States v. Wilson*, 503 U.S. 329, 337 (1992).

As stated, Shelton is serving a 72-month federal term. His federal sentence commenced on August 22, 2022, the date he entered primary federal jurisdiction. Prior to that, Shelton was in the primary custody of Pennsylvania from August 7, 2017 (the date of his arrest by Pennsylvania authorities), to August 22, 2022. Shelton received credit by the state from October 2, 2017, to November 17, 2017, and October 6, 2020, to August 21, 2022. The BOP then awarded Shelton jail credit from August 7, 2017, to October 1, 2017, and November 18, 2017, to October 5, 2020, as that time was not already credited by the state. Pursuant to 18 U.S.C. § 3585(b), Shelton is prohibited from receiving prior custody credit from October 5, 2020, to August 22, 2022, as that time was previously credited toward the service of his state sentence. *See* 18 U.S.C. § 3585(b) (precluding an inmate from receiving double credit); *Wilson*, 503 U.S. at 337 (explaining that with the enactment of § 3585(b), "Congress made it clear that a defendant could not receive a double credit for his detention time.").

## III. Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: April 7, 2023